PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring:
With admiration for my colleague’s dissent, and while my heart travels in its direction, I concur fully in Judge Clement’s opinion. That we are addressing a petty offense is important. A person charged with a petty offense has no right to an indictment,[1] no absolute right to counsel,[2] and no right to a trial by jury.[3] To my eyes, this reality enforces the power of the Congress over federal enclaves and simultaneously limits it.

. Fed. R. Crim. P. 58(b)(1) (“The trial of a petty offense may also proceed on a citation or violation notice.”).

. See Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972) (“[Alb-sent a knowing and intelligent waiver, no person may be imprisoned for any [petty] offense, ... unless he was represented by counsel at his trial.”).

. Lewis v. United States, 518 U.S. 322, 323-24, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996).